UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC PAZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Isaac Paz, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Isaac Paz ("Plaintiff") is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Chase Bank USA, N.A. consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. PRA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. PRA is authorized to conduct business in Illinois, and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State). In fact, PRA conducts business in Illinois.

7. Moreover, PRA is licensed as a collection agency in Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

8. In fact, PRA acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred a debt for goods and services used for personal purposes, originally for a Chase Bank USA, N.A. consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

10. Due to his financial circumstances and illness, Plaintiff could not pay the alleged debt, and it went into default.

11. PRA purportedly purchased the alleged debt sometime thereafter.

12. Plaintiff sought legal assistance for harassment problems he was having with debt collectors, including PRA.

13. Plaintiff, upon reviewing his credit report, noticed a tradeline for PRA and did not believe it was accurate.

14. On April 10, 2014, Plaintiff's attorney sent a letter to PRA indicating that Plaintiff disputed the alleged debt. (Exhibit C, Dispute Letter).

15. PRA received Plaintiff's letter via fax on April 10, 2014.

16. In June, 2014, PRA communicated information to the Experian consumer reporting agency in connection with the collection of the a debt. (Exhibit D, Excerpt from Experian Credit Report Showing Defendants Tradeline As Reported in June, 2014).

17. PRA communicated, *inter alia*, a Status, a Payment History, debt amount, and a comment that the account was a "Collection account."

18. PRA failed to communicate to Experian that Plaintiff's alleged debt was disputed, however, when it communicated information relating to the alleged debt to Experian in June, 2014.

19. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

20. In or before June, 2014, PRA knew that Plaintiff had disputed the alleged debt because Plaintiff's counsel had notified PRA of said dispute by letter recived by PRA on April 10, 2014.

21.     Even though PRA knew or should have known, prior to June, 2014, that Plaintiff disputed owing the alleged debt, PRA failed to thereafter communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when PRA communicated other information regarding the alleged debt to Experian, in violation of 15 U.S.C. § 1692e(8).

22.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT—PRA

23.     Plaintiff re-alleges paragraphs 1-22 as if set forth fully in this count.

24.     PRA failed to communicate that a disputed debt is disputed, in violation of 15 U.S.C. § 1692e(8), when it failed to communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when PRA communicated other information regarding the alleged debt subsequent to Plaintiff's dispute.

WHEREFORE, Plaintiff, Isaac Paz, asks that the Court enter judgment in his favor and against Defendant as follows:

        A.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

        B.     Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

        C.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

| | |
|---|---|
| The Law Office of M. Kris Kasalo, Ltd. | By: /s/ M. Kris Kasalo |
| 20 North Clark Street, Suite 3100 | M. Kris Kasalo |
| Chicago, Illinois 60602 | |
| tel 312.726.6160 | |
| fax 312.698.5054 | |
| mario.kasalo@kasalolaw.com | |

### NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.